**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- X

JE'JAE DANIELS,

                                   Plaintiff,

        -against-

THE CITY OF NEW YORK, New York City Police Department Officer MICHAEL ORTIZ (Shield No. 18236), New York City Police Department Officer JOHN FRISCIA (Shield No. 16077), New York City Police Department Sergeant YODARLYN MORONTA (Shield No. 2704), New York City Police Department Officer JOHNI CORYEA (Shield No. 24270), New York City Police Department Officer GERARD MCNALLY (Shield No. 28587), New York City Police Department Officer ANTHONY TROTTA (Shield No. 12760), New York City Police Officers JOHN DOES 1, 2, 3, etc. (the name John Doe being fictitious as the true names of said officers are currently not known), all of whom are sued in their individual capacities.

                                   Defendants.

------------------------------------------------------------------- X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff JE'JAE DANIELS, by their attorneys, Beldock Levine & Hoffman LLP, as and for their complaint against the Defendants alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.       This civil rights action seeks redress under 42 U.S.C. § 1983 for injuries Plaintiff suffered from the unconstitutional conduct of Defendants the City of New York, New York City Police Department Officer MICHAEL ORTIZ (Shield No. 18236), New York City Police Department Officer JOHN FRISCIA (Shield No. 16077), New York City Police Department Sergeant YODARLYN MORONTA (Shield No. 2704), New York City Police Department Officer

JOHNI CORYEA (Shield No. 24270), New York City Police Department Officer GERARD MCNALLY (Shield No. 28587), New York City Police Department Officer ANTHONY TROTTA (Shield No. 12760), New York City Police Officers JOHN DOES 1, 2, 3, etc. (the name John Doe being fictitious as the true names of said officers are currently not known), all of whom are sued in their individual capacities

2.      Plaintiff JE'JAE DANIELS (they/them – Mx.) seeks redress for the damages they suffered when they were unlawfully removed from their apartment following the Individual Defendants' unlawful entry, detained, and taken to New York City Health and Hospitals/Queens ("NYC H+H Queens") and held on an unnecessary psychiatric hold. Plaintiff seeks (i) compensatory damages for psychological and emotional distress, and other financial loss caused by the illegal actions of the Defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## **JURISDICTION**

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

4.      Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## **VENUE**

5.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action on each and every one of their claims for which a jury trial is legally available.

## PARTIES

7.      Plaintiff  JE'JAE DANIELS (they/them – Mx.) is a citizen of the United States and the State of New York.  At all times relevant to this complaint, Mx. Daniels was a resident of the State of New York, the City of New York, and the County of Queens.

8.      Defendant the City of New York ("City") is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department ("NYPD"). At all relevant times herein, it was the employer of the individually-named defendants.

9.      New York City Police Department Officer MICHAEL ORTIZ (Shield No. 18236), New York City Police Department Officer JOHN FRISCIA (Shield No. 16077), New York City Police Department Sergeant YODARLYN MORONTA (Shield No. 2704), New York City Police Department Officer JOHNI CORYEA (Shield No. 24270), New York City Police Department Officer GERARD MCNALLY (Shield No. 28587), New York City Police Department Officer ANTHONY TROTTA (Shield No. 12760),  New York City Police Officers JOHN DOES 1, 2, 3, etc. (the name John Doe being fictitious as the true names of said officers are currently not known)

(referred to collectively as the "Individual Defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10.     At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees, and agents of the NYPD.

11.     The Individual Defendants are being sued in their individual capacities.

12.     The Individual Defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Plaintiff's rights.

13.     At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

14.     The true name and shield number of the John Doe Defendants are not currently known to the Plaintiff. However, they were employees or agents of the City of New York on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that Plaintiff intends to name said individuals as Defendants in an amended pleading once the true names and shield numbers of said Defendants become known and (b) that the Law Department should immediately begin preparing their defense in this action.

**STATEMENT OF FACTS**

15.     Plaintiff JE'JAE DANIELS (they/them – Mx.) is a non-binary, Jewish artist living in Queens, New York.

16.     On or about October 4, 2022, Mx. Daniels was celebrating Yom Kippur and was fasting in observance of the Jewish holiday at their residence.

17.     Mx. Daniels was taking a shower when they heard a knocking on their apartment door.

18.     Mx. Daniels got out of the shower—using a towel to cover themselves—and went to the apartment door.

19.     Mx. Daniels asked who was at the door.

20.     Officers from the New York City Police Department told Mx. Daniels that if Mx. Daniels did not open the door, then they would break the door down.

21.     The officers did not have warrant.

22.     Mx. Daniels opened their door to speak with the officers and the officers pushed their way into the apartment without requesting consent to enter.

23.     Several officers entered Mx. Daniels's apartment.

24.     The officers claimed to have received a complaint that alleged Mx. Daniels made a social media post that indicated they were going to harm themselves.

25.     Mx. Daniels assured the officers that they made no such posting, that they were not a threat to themselves or to others, and that they did not need police or medical assistance

26.     Despite confirming their well-being to the officers, the officers insisted that they needed to take Mx. Daniels to the hospital for evaluation.

27. Mx. Daniels pleaded to be able to at least put on clothes before being taken from their apartment.

28. Mx. Daniels was permitted to put on clothes, but only under the supervision of officers through an open door to their bathroom.

29. Mx. Daniels felt exposed and uncomfortable while changing in front of the officers.

30. Approximately one hour after the officers detained Mx. Daniels in their apartment, the officers forcibly removed them from the premises, without having a basis to believe they were a threat to themselves or others.

31. The officers used force to restrain and compel Mx. Daniels's exit from their apartment, even though Mx. Daniels did not resist or otherwise pose a threat to the safety of themselves, the officers, or others.

32. Mx. Daniels was forced out of their apartment to an ambulance that was outside of the building.

33. Mx. Daniels was taken to NYC H+H Queens.

34. Some of the officers who were present in Mx. Daniels's apartment were also present at the hospital with Mx. Daniels.

35. Mx. Daniels was checked into the emergency room and the officers remained with Mx. Daniels until Mx. Daniels was ordered admitted to the psychiatry ward.

36. Mx. Daniels pleaded with hospital staff to contact a social worker with whom Mx. Daniels had been in contact to confirm that they were not a threat to themselves or others.

37. Despite Mx. Daniels's pleas, Mx. Daniels was admitted to psychiatric emergency department where they stayed for approximately two days without basis.

38. Mx. Daniels was not provided Kosher food at H+H Queens.

39.     Mx. Daniels was forced to take medication which they had not previously been prescribed at H+H Queens.

**FIRST CAUSE OF ACTION**
**Discrimination Based on Disability or Perceived Disability**
*Title II of the Americans with Disabilities Act, 42 U.S.C. § 12111, et seq.*
*(Against Defendant The City of New York)*

40.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

41.     Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, states that, "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

42.     A "public entity" includes state and local governments, their agencies, and their instrumentalities. 42 U.S.C. § 12131(1).

43.     Defendants are public entities, or employees of public entities, within the meaning of 42 U.S.C. § 12131 and 28 C.F.R. § 35.104.

44.     The term "disability" includes a "mental impairment that substantially limits one or more major life activities," 42 U.S.C. § 12102(1)(A), as well as "being regarded as having such an impairment," 42 U.S.C. § 12102(1)(C).

45.     Plaintiff has mental impairments that substantially limit one or more of their major life activities such as thinking, communicating, working, and interacting, or are perceived as having such mental impairments.

46.     A "qualified individual with a disability" means "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and

services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

47.     The provision of health and public safety is a service of the City of New York.

48.     The involvement of NYPD officers in interactions involving individuals with mental disabilities or perceived mental disabilities, the provision of mental health services, and responding to mental health crises, are programs and activities of the City of New York.

49.     Plaintiff is a qualified individuals with disabilities because they meet the essential eligibility requirements for the receipt of services by having resided in and/or been present in the City of New York, and they are therefore eligible for mental health, crisis response, health, and public safety services, programs, and activities within the scope of Title II of the ADA.

50.     The ADA prohibits the City from discriminating against individuals by depriving them of equal access to, and the benefits of, health and public safety services because of their disabilities or perceived disabilities.

51.     Plaintiff was discriminated against and deprived of equal access to, and the benefits of, health and public safety services because of their disability or perceived disability.

52.     Defendants have been deliberately indifferent to Plaintiff by reason of their disabilities or perceived disabilities, denying them the benefits of the services, programs, and activities to which they are entitled as persons with mental disabilities, including, but not limited to, the right to be free of discriminatory or disparate treatment by virtue of their mental disability or perceived mental disability. As a result, Plaintiff suffered harm in violation of their rights under the ADA, 42 U.S.C. § 12132.

53.     Defendants also discriminated against Plaintiff under the ADA by not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified

individual. 42 U.S.C. § 12112(b)(5)(A).

54.    Defendants have failed to accommodate Plaintiff by failing to provide non-police services to them knowing that such services are more appropriate for individuals with mental disabilities, and instead (a) escalating the interactions; (b) seizing Plaintiff without probable cause or basis; (c) using excessive and extreme force; and (d) wrongly determining that Plaintiff required hospitalization.

55.    The City and NYPD have also failed to take appropriate steps to (a) ensure that communications with members of the public with disabilities are as effective as communications with others; (b) furnish appropriate aids and services where necessary to afford an individual with a disability an equal opportunity to enjoy the benefits of a service, program, or activity conducted by the public entity; (c) and give primary consideration to the requests of the individual with a disability in determining what type of aid and service is necessary. *See* 28 C.F.R. § 35.160. The City must ensure that persons with mental disabilities can obtain information as to the existence and location of accessible services, activities, and facilities. *See* 28 C.F.R. § 35.163(b).

56.    As a result of Defendants' discriminatory acts, Plaintiff has been harmed and is entitled to damages, including but not limited to damages to compensate for emotional distress, pain and suffering, punitive damages, and pre-judgment interest.

57.    Plaintiff is also entitled to reasonable attorneys' fees, expenses, and costs, pursuant to 29 U.S.C. § 794(a).

## SECOND CAUSE OF ACTION
### Discrimination Based on Disability or Perceived Disability
### *Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq.*
*(Against Defendant The City of New York)*

58.    Plaintiff realleges and incorporates by reference the allegations set forth in the

foregoing paragraphs as if fully set forth herein.

59.    Section 504 mandates that "[n]o otherwise qualified individual with a disability . . . shall solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

60.    An "individual with a disability" is defined under the statute, in pertinent part, as an "individual who has a physical or mental impairment that substantially limits one or more major life activities of such individual," or is "perceived" as having such an impairment. 29 U.S.C. § 705(2)(B) (referencing 42 U.S.C. § 12102).

61.    A "qualified" individual with a disability means a person who meets the essential eligibility requirements for participation in, or receipt of benefits from, that program or activity. 28 C.F.R. § 39.103.

62.    For the reasons set forth above, Plaintiff is a qualified person with disabilities or persons with perceived disabilities.

63.    Defendants' acts and omissions described herein violate the equal access and non-discrimination provisions of Section 504 and the regulations promulgated thereunder and have resulted in injury to Plaintiff.

64.    Defendants also discriminated against Plaintiff under Section 504 by not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual. 28 C.F.R. § 39.130.

65.    Defendants have failed to accommodate Plaintiff by failing to provide non-police services to them knowing that such services are more appropriate for individuals with mental disabilities, and instead (a) escalating the interactions; (b) seizing Plaintiff without probable cause

or basis; (c) using excessive and extreme force; and (d) wrongly determining that Plaintiff required hospitalization.

66. The City and NYPD have also failed to take appropriate steps to (a) ensure that communications with members of the public with disabilities are as effective as communications with others; (b) furnish appropriate aids and services where necessary to afford an individual with a disability an equal opportunity to enjoy the benefits of a service, program, or activity conducted by the public entity; (c) and give primary consideration to the requests of the individual with a disability in determining what type of aid and service is necessary. *See* 28 C.F.R. § 35.160. The City must ensure that persons with mental disabilities can obtain information as to the existence and location of accessible services, activities, and facilities. *See* 28 C.F.R. § 35.163(b).

67. As a result of Defendants' discriminatory acts, Plaintiff has been harmed and is entitled to damages, including but not limited to damages to compensate for emotional distress, pain and suffering, punitive damages, and pre-judgment interest.

68. Plaintiff is also entitled to reasonable attorneys' fees, expenses, and costs, pursuant to 29 U.S.C. § 794(a).

### THIRD CAUSE OF ACTION
**Unlawful Seizure/False Arrest**
***Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's***
***Rights Under the Fourth and Fourteenth Amendment to the United States Constitution***
(*Against Individual Defendants*)

69. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

70. Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

71.     Defendants' seizure of Plaintiff herein was done without any judicial warrant, was unreasonable, and was done without lawful justification.

72.     Plaintiff did not consent to, and was conscious of, their seizure, detention, and confinement by Defendants.

73.     Defendants did not have probable cause to seize, detain, or involuntarily transport Plaintiff for psychiatric evaluation, as Plaintiff did not pose a risk of harm to themselves or others.

74.     Defendants' seizure of Plaintiff was unjustified and objectively unreasonable, taking into consideration the information available to Defendants at the time they seized Plaintiff.

75.     Defendants entered the home of the Plaintiff without probable cause or exigent circumstances.

76.     In addition, Defendant City designed and/or implemented policies and practices, including the "EDP" Policy, pursuant to which the individual officer Defendants and other members of the NYPD ordered, effected, and otherwise participated in unlawfully seizing and unlawfully entering the homes of Plaintiff and other individuals with actual and perceived mental disabilities.

77.     Moreover, this was done when the Defendant City knew that non-police response teams could safely and effectively support people experiencing mental health crises without violating their rights.

78.     In committing the acts and omissions complained of herein, the Individual Defendants breached their affirmative duty to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

79.     As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of their federal, state, city, and/or other legal rights, causing Plaintiff to suffer the injuries and damages set forth above.

80.     The unlawful conduct of the Individual Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

**FOURTH CAUSE OF ACTION**
**Failure to Intervene**
*Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's*
*Rights Under the Fourth and Fourteenth Amendment to the United States Constitution*
(*Against Individual Defendants*)

81.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

82.     Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

83.     The Individuals Defendants each had a duty to intervene to prevent Plaintiff's unlawful seizure and unlawful detention by other Individual Defendants.

84.     The Individual Defendants each had an opportunity to intervene.

85.     The Individuals Defendants failed to intervene.

86.     As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of their federal, state, city, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

87.     The unlawful conduct of Defendants was wilful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**FIFTH CAUSE OF ACTION**
**Excessive Force**
*Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Under the*
*Fourth and Fourteenth Amendments to the United States Constitution*
*(Against Individual Defendants)*

88.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

89.     Defendants used force against Plaintiff that was unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted Defendants.

90.     The types and levels of force Defendants used against Plaintiff were unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted Defendants.

91.     Defendants used excessive force against Plaintiff, without making appropriate determinations about whether those uses of force were necessary, justified, or reasonable.

92.     Defendants used excessive force even though Plaintiff did not resist, or did not otherwise pose a threat to the safety of the officers or others.

93.     The types and levels of force Defendants used against Plaintiff were harmful and resulted in physical and emotional injury to Plaintiff.

94.     In addition, pursuant to Defendant City's policies and practices, individual officer Defendants and other members of the NYPD ordered, effected, and otherwise participated in using excessive force against Plaintiff.

95.     As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of their federal, state, city, and/or other legal rights, causing Plaintiff to suffer the injuries and damages set forth above.

96.     The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**SIXTH CAUSE OF ACTION**
**Municipal Liability**
***Pursuant to 42 U.S.C. § 1983 and Monell v. Dept. of Social Services of the City of New York***
***for Violations of Fourth and Fourteenth Amendment of U.S. Constitution***
*(Against The City of New York)*

97.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

98.     Plaintiff have been injured proximately and directly by Defendants, including by being subjected to unlawful seizure, excessive force, and warrantless entry without due process of law.

99.     Defendant City of New York has directly enforced, promoted, authorized, and sanctioned the unlawful seizure and detention of people with actual or perceived mental disabilities through the maintenance of the "EDP" Policy, which permits the unlawful seizure and detention of individuals with mental disabilities or perceived mental disabilities for long periods of time, even though they are not actually a harm to themselves or others.

100.    Defendant City of New York has directly enforced, promoted, authorized, and sanctioned a *de facto* policy or custom of excessive force against people with mental disorders and people they perceive to have mental disorders, including by the use of standard police tactics which have the predictable result of escalating the risk of harm to persons undergoing mental health crises.

101.    Defendant City of New York has been deliberately indifferent to the rights of individuals with mental or perceived mental disabilities.

102.    Defendant City of New York has repeatedly had notice that the NYPD was

inadequate at responding to mental health crises and likely to cause constitutional violations, based on multiple incidents of excessive force, false arrest, and other misconduct against individuals with mental disabilities or perceived mental disabilities, dating back to at least 1984.

103.    The NYPD continues to employ, promote, and even give additional responsibility to NYPD officers with a known history of abusive behaviour towards individuals with mental disabilities or perceived mental disabilities.

104.    Defendant City of New York ratified the unsafe, unconstitutional, and otherwise unlawful treatment of individuals with mental disabilities or perceived mental disabilities by their knowledge of, participation in, and/or deliberate indifference to such actions, as well as their failure to discipline or hold misbehaving officers accountable.

105.    By these failures, Defendant City of New York, has been deliberately indifferent to the rights of individuals with mental disabilities or perceived mental disabilities, and these failures and policies are the moving force behind, and direct and proximate cause of, the constitutional violations suffered by Plaintiff as alleged herein.

106.    As a direct result of Defendant City of New York's failures and policies, the individual Plaintiff suffered severe harm, including physical injury, emotional distress, fear, apprehension, and concern for Plaintiff' own safety.

### SEVENTH CAUSE OF ACTION
**Violations of the New York State Constitution**
*(Against All Defendants)*

107.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

108.    The conduct of the Defendants alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as police officials, and/or

while they were acting as agents and employees of Defendant City, invoking state power and/or authority, and as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

109.   Defendants, acting under color of law, by and through its employees, agents, and/or officers subjected Plaintiff to the foregoing acts and omissions without any due process of law, thereby depriving Plaintiff of their rights, privileges and immunities secured by Article I, §§ 8, 9, and 12 of the New York State Constitution, including, without limitation, the following deprivations of rights, privileges, and immunities:

a.   Freedom from unreasonable search and seizure of their person or property;

b.   Freedom from unlawful detention and arrest without probable cause;

c.   Freedom from false imprisonment and from being wrongfully detained without cause or legal justification, and of which Plaintiff was aware and did not consent;

d.   Freedom from deprivation of liberty without due process of law; and

e.   Equal protection of the law.

110.   A damages remedy here is necessary to effectuate the purposes of Article I, §§ 8, 9, 11, and 12 of the New York State Constitution, and appropriate to ensure full realizations of Plaintiff's rights under those sections.

111.   As a result of the foregoing, Plaintiff was deprived of liberty, suffered specific and serious bodily injury and emotional distress, and were otherwise damaged and injured.

112.   The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

///

**EIGHTH CAUSE OF ACTION**
**N.Y.C. Admin. Code §§8-801 *et seq.*, "Qualified Immunity Repeal" Claims Against**

**All Defendants**

113. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

114. New York City Administrative Code §8-803(a) through (c) provide as follows:

a. A covered individual who, under color of any law, ordinance, rule, regulation, custom or usage, subjects or causes to be subjected, including through failure to intervene, any other natural person to the deprivation of any right that is created, granted or protected by section 8-802 is liable to the person aggrieved for legal or equitable relief or any other appropriate relief.

b. The employer of a covered individual who, under color of any law, ordinance, rule, regulation, custom or usage, subjects or causes to be subjected, including through failure to intervene, any other natural person to the deprivation of any right that is created, granted or protected by section 8-802 is liable, based upon the conduct of such covered individual, to the person aggrieved for legal or equitable relief or any other appropriate relief.

c. A person aggrieved may make a claim pursuant to subdivision a of this section in a civil action in any court of competent jurisdiction by filing a complaint setting forth facts pertaining to the deprivation of any right created, granted or protected by section 8-802 and requesting such relief as such person aggrieved considers necessary to insure the full enjoyment of such right.

115. Given that a "covered individual" under §8-801 means "[any] employee of the police department," the Individual NYPD Member Defendants are all considered covered individuals. §8-801.

116.     Plaintiff is a "person aggrieved" because Plaintiff was (at minimum) "allegedly subjected to, or allegedly caused to be subjected to, the deprivation of a right created, granted, or protected by §8-802 by a covered individual even if the only injury allegedly suffered by such natural person is the deprivation of such right." *Id.*

117.     Defendant City is liable as an employer, as set out above.

118.     Defendants' uses of force against Plaintiff were unjustified, unlawful, and objectively unreasonable, considering the facts and circumstances before the Defendants.

119.     Further, it is not a defense to liability under §§8-801 *et seq.* that a covered individual has qualified immunity or any other substantially equivalent immunity.

120.     Thus, the Court should award both compensatory and punitive damages against all parties (including the City), and all reasonable fees and court expenses pursuant to §8-805 of the Administrative Code.

121.     As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of Plaintiff's federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

122.     The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against the Defendants, jointly and severally:

(a)     compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b)     punitive damages from the Defendants to the extent allowable by law;

(c)     attorney's fees;

(d)     the costs and disbursements of this action;

(e)     interest; and

(f)     such other and further relief as this Court deems just and proper.


Dated: October 3, 2025
        New York, New York


                                    Respectfully submitted,

                                    BELDOCK LEVINE & HOFFMAN LLP

                          By:_____
                                    David B. Rankin
                                    99 Park Avenue, PH/26th Floor
                                    New York, New York 10016
                                    (212) 490-0400
                                    drankin@blhny.com

                                    *Attorneys for Plaintiff*